IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT R. HENDERSON**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:79-CV-1384-L** |
| | § | |
| **DEPARTMENT OF HEALTH AND HUMAN SERVICES**, | § | |
| | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Henderson's Motion to Reinstate, filed April 11, 1988; and Henderson's Petition to Enforce Investigative Demands, filed March 20, 2009. After careful consideration of the motions, record, and applicable law, the court **denies** Henderson's Motion to Reinstate and **denies** Henderson's Petition to Enforce Investigative Demands.

In 1978 and 1979, Robert R. Henderson ("Henderson") applied for disability benefits based on the childhood amputation of two fingers, bursitis of the shoulder and hip, temporarily disabling cervical strain, and an allegedly disabling mental condition. After a hearing before an administrative law judge, the Department of Health and Human Services ("DHHS") denied Henderson's claim. Because DHHS Appeal's Council denied his appeal request, on November 5, 1979, Henderson filed this action and sought review of the denial of benefits. DHHS moved for summary judgment on Henderson's claims. The court granted the summary judgment motion, affirmed DHHS's denial of Henderson's benefits, and dismissed Henderson's complaint. Henderson appealed the district court's judgment, and on November 24, 1980, the United States Court of Appeals for the Fifth

Circuit affirmed. In March 1981, the United States Supreme Court denied Henderson's petition for a writ of certiorari.

On April 11, 1988, Henderson filed a Motion to Reinstate. He contends that he is disabled independently of his childhood injury and requests that the court reopen his case. On March 20, 2009, Henderson filed a Petition to Enforce Civil Investigative Demands. He contends that he reached a settlement with DHHS on June 30, 1988, but has not been paid the $37,591 that DHHS agreed to pay.[*]

After an appeal is taken, the district court is generally divested of jurisdiction "until the case is remanded to it by the appellate court." *Travelers Ins. Co. v. Lilgeberg Enterp.*, 38 F.3d 1404, 1407-08 n.3 (5th Cir. 1994). Exceptions to this rule exist when the court takes action in aid of the appeal or corrects clerical errors under Rule 60(a). *Id.* Because this case was not remanded to the district court, the court lacks jurisdiction to grant the relief that Henderson seeks unless such relief falls within either of these two exceptions.

Henderson requests that the court reopen this case and allow him to attempt to collect payments to which he believes he is entitled pursuant to a settlement agreement. These requests are not in aid of the appeal because the United States Court of Appeals for the Fifth Circuit previously affirmed the district court's judgment and the United States Supreme Court denied Henderson's petition for a writ of certiorari. Moreover, such action would merely circumvent these rulings. Similarly, Henderson's requests do not constitute a correction of a clerical error under Rule 60(a). Accordingly, the court **denies** Henderson's Motion to Reinstate and **denies** Henderson's Petition to Enforce Investigative Demands.

---

[*]Other than Henderson's assertion, there is no reference or documentation in the record reflecting that a settlement was reached between him and DHHS.

**Memorandum Opinion and Order – Page 2**

**It is so ordered** this 25th day of June, 2009.

                                        Sam A. Lindsay
                                        United States District Judge